UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICE SMITH,

                    Petitioner,

-against-

DALE ARTUS,

                    Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-5204 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Patrice Smith ("Smith") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his September 23, 2002 conviction in New York Supreme Court, Kings County, for two counts of first degree robbery. (Pet. (Docket Entry # 1) ¶¶ 2-9.) For the reasons set forth below, Smith's petition is denied.

**I.    BACKGROUND**

On March 1, 2001, Smith robbed, at gunpoint, Silk Touch Lingerie in Brooklyn New York. (Grob Decl. (Docket Entry # 14) ¶ 4.) On March 9, 2001, Smith robbed, at gunpoint, a store located at 795 Flatbush Avenue in Brooklyn, New York. (Pet. at 13.) And on March 30, 2001, Smith robbed, at gunpoint, Best Farm Grocery in Brooklyn, New York. (Grob Decl. ¶ 4.) Smith was arrested on April 19, 2001. (Pet. at 12.)

On April 20, 2001, Smith was arraigned in Kings County Criminal Court on charges stemming from the March 1 and March 9, 2001 robberies. (Id. at 12-13.) The complaining witness to the March 9, 2001 robbery, Cindy Li, refused to testify at the Grand Jury proceedings, however. (Id. at 13.) On April 24, 2001, a Grand Jury impaneled in New York Supreme Court, Kings County, returned an indictment against Smith for charges stemming from the March 1 and March 30, 2001 robberies. (Id.) In May 2001, Smith was then arraigned on those counts. (Id.)

1

On September 23, 2002, following a jury trial, Smith was convicted of two counts of first degree robbery. (Id. ¶¶ 2-9.) Smith then appealed his conviction to the New York Supreme Court, Appellate Division, Second Department. (Grob Decl. ¶ 8.) On August 1, 2005, the Second Department affirmed Smith's conviction. People v. Smith, 799 N.Y.S.2d 569 (2d Dep't 2005). Smith then sought leave to appeal the Second Department's decision in the New York Court of Appeals. (Grob Decl. ¶ 11.) On November 4, 2005, the Court of Appeals denied Smith's request. People v. Smith, 5 N.Y.3d 885 (2005).

On July 3, 2006, Smith collaterally attacked his conviction in New York Supreme Court, Kings County, under New York Criminal Procedure Law § 440.10. (Grob Decl. ¶ 12.) In his § 440.10 motion, Smith argued that he was deprived of the effective assistance of trial counsel when his defense attorney wrongly characterized his felony status in conversations with prosecutors during plea negotiations. (Id.) This mischaracterization, Smith argues, led to the District Attorney offering him an unfavorable plea agreement. (Id.) Smith also claimed that his trial counsel failed to alert him to a second plea agreement. (Id.) On March 13, 2007, the court denied Smith's motion as unsupported by the record. Order, People v. Smith, No. 3318/2001 (N.Y. Sup. Ct., Kings Cnty. Mar. 13, 2007) (hereinafter "Mar. 13, 2007 Order"). Smith then sought leave to appeal the court's denial of his § 440.10 motion in the Second Department. (Grob Decl. ¶ 14.) On May 22, 2007, the Second Department denied Smith leave to appeal. Order, People v. Smith, No. 2005-03632 (2d Dep't May 22, 2007). Smith then sought leave to appeal in the Court of Appeals. (Grob Decl. ¶ 14.) On June 29, 2007, it, too, denied his request. Order, People v. Smith, No. 2005-03632 (N.Y. June 29, 2007).

On December 4, 2007, Smith filed a second § 440.10 motion in New York Supreme Court, Kings County. (Grob Decl. ¶ 15.) On April 21, 2008, the Supreme Court denied Smith's

motion. Order, People v. Smith, No. 3318/2001 (N.Y. Sup. Ct., Kings Cnty. Apr. 21, 2008) (hereinafter "Apr. 21, 2008 Order"). Smith then sought leave to appeal in the Second Department; it denied his request on June 10, 2008. Order, People v. Smith, No. 2008-04263 (2d Dep't June 10, 2008).

On May 13, 2008, Smith then filed a petition for a writ of error coram nobis in the Second Department. (Grob Decl. ¶ 18.) It denied his petition on September 30, 2008. People v. Smith, 863 N.Y.S.2d 925 (2d Dep't Sept. 30, 2008). Smith then sought leave to appeal to the Court of Appeals. (Grob Decl. ¶ 20.) On December 18, 2008, while his request for leave was pending before the New York Court of Appeals, Smith filed his petition for a writ of habeas corpus in this court. (Pet.) On December 31, 2008, the Court of Appeals denied Smith's request for leave to appeal. People v. Smith, 11 N.Y.3d 900 (2008).

## II. STANDARDS OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary

3

to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

In assessing "clearly established" federal law, a federal district court must confine itself to the holdings, as opposed to the dicta, of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006). Moreover, "Musladin admonishes courts to read the Supreme Court's holdings narrowly and to disregard as dicta for habeas purposes much of the underlying logic and rationale of the high court's decisions." Rodriquez v. Miller, 499 F.3d 136, 140 (2d Cir. 2007); see also Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004). ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.").

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

4

## III. DISCUSSION

### A. Ineffective Assistance Claims

Smith's Petition asserts two claims that he received constitutionally ineffective assistance of counsel: (1) that Smith's trial counsel failed to negotiate a successful plea agreement with the District Attorney because he failed to properly determine whether Smith was a *second* violent felony offender as opposed to a *persistent* violent felony offender; and (2) that Smith's trial counsel failed to inform him of a plea agreement prior to trial. (Pet. at 8-12.)

The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show prejudice under Strickland, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

In reviewing Smith's ineffective assistance claims, the state court rejected both of them as unfounded. Mar. 13, 2007 Order at 4-6. The state court noted that despite trial counsel's initial mischaracterization of Smith's violent-felony-offender status, "a later court record . . . established that all of the parties were on notice of defendant's correct predicate status." Id. at 4. Contrary to Smith's assertions, the state court determined that "[t]he court record, therefore, clearly established that all of the parties were aware of defendant's status as a second violent felony offender status [sic] if convicted of a violent felony offense." Id. at 5. The court also

5

noted that Smith's trial counsel had not actually failed to inform him of a plea agreement as Smith asserts, but that Smith "simply assume[d] it (contrary to the contents of the Appellate Advocate's letter relied upon by him)." Id. at 6. All of the state court's factual findings regarding whether trial counsel mischaracterized Smith's violent-felony-offender status and whether trial counsel failed to inform Smith of a plea agreement are "presumed to be correct." See 28 U.S.C. § 2254(e)(1). Nothing in Smith's papers rebuts this "presumption of correctness." See id. The court therefore adopts the findings as described in the state court's March 13, 2007 Order. It cannot be said that the state court unreasonably applied Strickland in reviewing Smith's ineffective assistance claim, or made an unreasonable determination in light of the facts. Consequently, Smith's ineffective-assistance-of-counsel claims fail.

### B. Subject Matter Jurisdiction over the Indictment

Construed liberally, Smith also asserts that the state trial-court lacked subject matter jurisdiction over his case because his indictment included charges stemming from the March 30, 2001 robbery, even though that robbery was not included in the original criminal complaint. (Pet. at 12-13.) But whether a New York state court possessed subject matter jurisdiction over a particular indictment is solely an issue of New York state law. See People v. Case, 42 N.Y.2d 98, 99-100 (1977). Consequently, this court lacks jurisdiction over Smith's state subject matter jurisdiction claim because federal habeas review is available "*only* on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," not for violations of state law. 28 U.S.C. § 2254(a) (emphasis added); Estelle v. McGuire, 502 U.S. 62, 68 (1991).

### C. Due Process Claim Regarding Perjured Testimony

Lastly, Smith asserts that his constitutional right to due process was violated when the district attorney introduced testimony from the arresting detective at Smith's grand jury

6

proceedings that the district attorney allegedly knew to be false. (Pet. at 15-16.) Irrespective of the merit of this claim, "specified claims of deficiencies in the state grand jury proceedings are [not] cognizable in a [federal] habeas corpus proceeding." Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) (discussing United States v. Mechanik, 475 U.S. 66 (1986)). Smith's claims surrounding any constitutional deficiencies in his grand jury proceedings therefore fail.

## IV. CONCLUSION

Petitioner's petition for a writ of habeas corpus is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      June 3, 2011

NICHOLAS G. GARAUFIS
United States District Judge